BANK OF WEST TENNESSEE *v.* CITIZENS' BANK OF LOUISIANA.

Where a decision of the highest court of a State in a case is made on its settled pre-existent rules of general jurisprudence, the case cannot be brought here under the 25th section; notwithstanding the fact that the State has subsequently made those rules one of the articles of its constitution, and the case be one where if the decision had been made on the constitution *alone,* a writ of error under the said section might have lain.

MOTION by *Mr. Edward Janin* (*Mr. T. J. Durant opposing*) to dismiss, for want of jurisdiction, a writ of error to the Supreme Court of the State of Louisiana, taken under an assumption that the case fell within the 25th section of the Judiciary Act, quoted *supra,* pp. 5, 6.

Mr. Justice SWAYNE stated the case, and delivered the opinion of the court.

The plaintiff in error brought the suit against the defendant in error in the Fifth District Court of New Orleans, to recover the sum of $93,380, for moneys deposited by the plaintiff with the defendant, and moneys collected by the latter for the former. All the so-called moneys received by the defendant were the notes of the rebel government. The District Court, on the 27th of March, 1867, gave judgment for the plaintiff. The case was thereupon taken by appeal to the Supreme Court of the State. That court, on the 14th of December, 1869, reversed the judgment of the court below, and dismissed the case. In the opinion delivered it was said

"Under the constitution of 1868 the courts of this State cannot entertain an action based upon transactions in Confederate treasury notes. We think the evidence discloses that this case is founded upon dealings in unlawful currency, and the court has often refused to lend its aid to transactions reprobated by law."

The constitution of 1868 was not in existence when the case was decided by the District Court.

The Supreme Court founded its judgment alike upon the constitutional provision and prior adjudications. Those adjudications are numerous and conclusive upon the subject.* The constitution only declared a settled pre-existing rule of jurisprudence in that State. The result in this case would have been necessarily the same if the constitution had not contained the provision in question. This brings the case within the authority of *Bethel* v. *Demaret*.† Upon such a state of facts this court cannot take jurisdiction under the section of the Judiciary Act upon which the writ of error is founded.

CASE DISMISSED.

---

* Hunley et al. *v.* Scott, 19 Lou. Ann. 161; King *v.* Huston, Hubbel & Co., Ib. 288; McCracken *v.* Pool, Ib. 359; Norton *v.* Dawson et al., Ib. 464
† 10 Wallace, 537.